# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SHELDON SMITH,

              Petitioner,    :    Case No. 3:13-cv-330

    - vs -                                 District Judge Thomas M. Rose
                                               Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,

                                  :

              Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought pursuant to 28 U.S.C. § 2254, is pending on Respondent's Motion to Dismiss (Doc. No. 5) which Petitioner opposes (Doc. No. 12).

Respondent seeks dismissal of the Petition as time-barred under 28 U.S.C. § 2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent calculates that the conviction here became final July 19, 2011, the ninetieth day after the Ohio Supreme Court declined to exercise jurisdiction over Smith's direct appeal and the last day on which he could have sought review on certiorari by the United States Supreme Court (Motion to Dismiss, Doc. No. 5, PageID 57). Respondent calculates further that the statute of limitations was tolled from March 7, 2011, when Smith filed his Application for Reopening the direct appeal until February 27, 2012, forty-five days after the court of appeals denied that Application and the last day on which Smith could have appealed the denial to the Ohio Supreme Court. *Id.* at PageID 66. Respondent concedes that Smith's petition for post-conviction relief under Ohio Revised Code § 2953.21 tolled the statute of limitations while it was pending, but that time expired February 12, 2012. *Id.* at PageID 69. Respondent's conclusion is that the statute of limitations expired February 27, 2013, and the Petition, filed September 26, 2013, is therefore untimely.

Petitioner claims in response that the statute did not begin to run until September 26, 2012, and thus the filing exactly one year later was timely (Response, Doc. No. 12).

Petitioner relies on additional filings to toll the time.

First he calls the Court's attention to his "Motion of Leave for Enlargement of Time for

2

Reconsideration" which was filed January 23, 2012 (Return of Writ, Doc. No. 5-1, PageID 470). Petitioner's counsel asserts that Motion was decided April 23, **2013**, but the Second District's Decision and Entry carries a "rendered date" of April 23, **2012**, as well as a Clerk's file-stamp date of April 23, **2012** (Return of Writ, Doc. No. 5-1, PageID 473). Petitioner is correct that January 23, 2012, is ten days after January 13, 2012, but what Smith filed on January 13, 2012, was not a motion for reconsideration, but a motion to extend the time for moving for reconsideration. Smith did not say how much additional time he wanted and the court of appeals decided not to grant him any additional time because he had not shown extraordinary circumstances under their precedent. In addition, however, they noted that he had made his substantive arguments for reconsideration in the body of his Motion and they decided those claims on the merits, essentially treating the Motion for Enlargement as a timely motion for reconsideration.

Smith next notes that he appealed from the denial of reconsideration to the Ohio Supreme Court. See Notice of Appeal from denial of reconsideration, filed in the Ohio Supreme Court on May 30, 2012, and assigned Case No. 12-0932 (copy at Return of Writ, Doc. No. 5-1, Ex. 64, PageID 760). The Supreme Court of Ohio declined jurisdiction in that case on September 26, 2012 (Entry, Return of Writ, Doc. No. 5-1, Ex. 66, PageID 788).

Petitioner concludes:

> The Petition for writ herein was filed September 26, 2013 in this Federal Court, one year not counting any extra 90 days.
>
> In summary, there is a continuous timely string of Motions, Decisions, Entries and Judgments from the several Courts regarding both the 26B Appeal and the Post-Conviction Appeal without a single break in the time line.

(Response, Doc. No. 12, PageID 801-02.)

3

Smith claims he is entitled to an additional ninety days from September 26, 2012, until the statute of limitations began to run because he could have filed a petition for writ of certiorari in the United States Supreme Court within that time. Petitioner directs the Court to its own prior precedent concluding that a state criminal case becomes final on direct appeal when the time for filing for certiorari expires. *Simmons v. Warden*, 2007 U.S. Dist. LEXIS 96300 (S.D. Ohio, Sept. 7, 2007)(Merz, Ch.M.J.), adopted, *Simmons v. Warden*, Case No. 3:07-cv-329 (Decision and Entry, Jan. 31, 2008)(Rice, D.J.)(unreported). The *Simmons* case recognized that the time would be extended for ninety days on direct appeal. Respondent concedes the additional ninety days on direct appeal (Return of Writ, Doc. No. 5, PageID 65).

However, the United States Supreme Court has held that a state post-conviction petition is not pending so as to toll the statute of limitations during the pendency of a petition for certiorari. *Lawrence v. Florida*, 549 U.S. 327 (2007). *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003), which held that the time is tolled for the ninety days within which a petition can be filed and until the petition is disposed of, is overruled *sub silentio*.

> "[a]ll three circuit Courts of Appeals to consider the question have decided that the certiorari period should not be included in calculation. *Coates v. Byrd*, 211 F.3d 525 (11th Cir. 2000); *Rhine v. Boone*, 182 F.2d 1153 (10th Cir. 1999); *Ott v. Johnson,* 192 F.2d 510, 513 (5th Cir. 1999). Their logic, which this Court finds persuasive, is that §2244(d)(2) tolls the statute while an application for "State" collateral review is pending, while review on certiorari would be federal review. Moreover, tolling only applies while an application is actually pending, and here (as in *Coates*), the habeas petitioner did not actually seek certiorari review."

*Johnson v. Bagley*, C-3-00-031 (S.D. Ohio June 5, 2000). Sixth Circuit recognizes that *Abela* is overruled by *Lawrence* in *Allen v. Bell*, 2007 U.S. App. LEXIS 23975 (6th Cir. 2007), and *Kincade v. Wolfenbarger*, 2009 U.S. App. LEXIS 8197 (6th Cir. 2009). *See also Kitchens-Young v. Ohio Dep't of Mental Health*, 2012 U.S. Dist. 92684 at *6 fn 2 (S.D. Ohio 2012); *Brown v.

*Timmerman-Cooper*, 2011 U.S. Dist. LEXIS 13628, at *4 (N.D. Ohio 2011); *see also Brown v. Timmerman-Cooper*, 2011 U.S. Dist. LEXIS 136291, at *6 (N.D. Ohio 2011). Thus Smith is not entitled to exclude an additional ninety days for the period during which he could have sought certiorari from denial of his post-conviction petition and application for reopening.

Smith's Petition is thus timely if, but only if, his Application for Reopening under Ohio App. Rule 26(B) remained pending during the time when he was seeking reconsideration. Respondent argues "[b]ecause the motion for extension of time was not granted, thus preventing Smith from later filing a timely motion for reconsideration, no time was tolled as a result of the filing of the extension request." (Return of Writ, Doc. No. 5, PageID 67.) Respondent is correct that any motion for reconsideration on the 26(B) application filed after January 23, 2012, would have been untimely and indeed there is no such attempted filing. But the January 23, 2012, Motion was also treated by the Second District as itself a timely (i.e., within ten days of judgment) motion for reconsideration and rejected on the merits, not for lack of timely filing. The Second District's ruling is summary, but that does not prevent it from being considered a ruling on the merits. See *Harrington v. Richter*, 562 U.S. ___, ___, 131 S. Ct. 770, 792 (2011).

Respondent makes no claim that Smith's 26(B) Application was not "properly filed" so as to toll the statute under 28 U.S.C. § 2244(d)(2). A properly filed application for state post-conviction review is pending from initial filing in the trial court until final disposition on appeal. Thus, the application is "pending," not only when it actually is being considered by the trial or appellate court, but also during the "gap" between the trial court's initial disposition and the petitioner's "timely filing of a petition for review at the next level." *Carey v. Saffold,* 536 U.S. 214 (2002); *Payton v. Brigano,* 256 F.3d 405, 408 (6th Cir. 2001).

Therefore, it is respectfully recommended that Respondent's Motion to Dismiss be

DENIED.

June 2, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).

**The attention of counsel is respectfully directed to this Magistrate Judge's Standing Order of May 8, 2014, which provides in pertinent part "All references to the record in this Court must be to the filed document by title, docket number, and PageID reference. (E.g., Defendant's Motion to Dismiss, Doc. No. 27, PageID ___.) The large majority of cases before this Magistrate Judge are habeas corpus cases with large state court records and correct citation to the record is critical to judicial economy. Therefore, nonconforming filings will be stricken.**