# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SHELDON SMITH,

          Petitioner,     :     Case No. 3:13-cv-330

  - vs -                            District Judge Thomas M. Rose
                                      Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,
                                        :
          Respondent.

## DECISION AND ORDER DENYING MOTION FOR DISCOVERY

This habeas corpus action is before the Court on Petitioner's Motion for Discovery and/or an Evidentiary Hearing (Doc. No. 18). The text of the motion reads in its entirety:

> Petitioner, Sheldon Smith, through undersigned Counsel, respectfully requests any and all Discovery from the Respondent which has not been provided to him to date and most particularly a certain, i.e. audio tape (doc 100), among all other documents, that was/were introduced into the record but that Petitioner has never been permitted to hear or be present for when it was played for all Defense Counsel and Prosecution and the Trial Court Judge during a Pre-Trial Hearing in the State proceedings herein.
>
> Petitioner also requests an Evidentiary Hearing with reference to the same.

*Id.*

A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing § 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S.

1

286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000).  Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought.  *Bracy*, 520 U.S. at 904, *citing United States v. Armstrong*, 517 U.S. 456, 468 (1996).  The burden of demonstrating the materiality of the information requested is on the moving party.  *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *cert. denied,* 537 U.S. 831 (2002), *citing Murphy v. Johnson,* 205 F.3d 809, 813-15 (5th Cir. 2000).  "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003), *cert. denied,* 543 U.S. 842 (2004), *quoting Stanford*, 266 F.3d at 460.

From the Motion the Court has no idea what claim or element of a claim in the Petition this audio tape is relevant to or what it is expected to show.  Counsel references "(doc. 100)," but there is no docket number 100 in this case (at least not yet), nor is there any exhibit 100 filed by the State.  If as the Motion implies there is an audiotape that was played at a pretrial hearing and not transcribed, counsel for Respondent should so advise the Court so that a determination can be made whether the record now before the Court should be expanded to include the tape or a transcript.

Because it does not show good cause under Habeas Rule 6, the Motion for Discovery is DENIED.  Because it does not show good cause under Habeas Rule 8 or how an evidentiary hearing is permitted under *Cullen v. Pinholster,* 563 U.S. ___, 131 S. Ct. 1388 (2011), the motion for evidentiary hearing in the alternative is DENIED.

August 5, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge