IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SHELDON SMITH,

        Petitioner,    :    Case No. 3:13-cv-330

  - vs -                             District Judge Thomas M. Rose
                                       Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,

                                           :

        Respondent.

## DECISION AND ORDER DENYING PETITIONER'S SECOND MOTION FOR DISCOVERY

This habeas corpus action is before the Court on Petitioner's second Motion for Discovery and/or an Evidentiary Hearing (Doc. No. 21), supported by Petitioner's Affidavit (Doc. No. 22). In the Motion, Smith seeks production of a certain audio recording[1] of a conversation between Reginald Brooks and Tony Thomas recorded on May 7, 2008. Smith avers in his Affidavit that the recording was listened to in camera by Judge Stephen Wolaver, the Greene County Common Pleas Judge who heard Smith's case, along with Smith's then defense counsel, Jon Paul Rion (Smith Affidavit, Doc. No. 22, ¶ 2, PageID 858). He further avers that he has never been permitted to hear the recording or see a transcription of its contents if one exists. *Id.*

In denying Petitioner's first motion for discovery of the recording, the Court ordered in part "[i]f as the Motion implies there is an audiotape that was played at a pretrial hearing and

---

[1] The recording is referred to in the Motion as an audiotape, but the actual storage medium is unclear to the Court.

1

not transcribed, counsel for Respondent should so advise the Court so that a determination can be made whether the record now before the Court should be expanded to include the tape or a transcript." (Doc. No. 19, PageID 851.)   Respondent's counsel has not yet filed any information in response to that part of the Order, but Petitioner's counsel represents in the instant Motion that

> It is presently unknown whether the tape recording has ever been transcribed, but Counsel for the Respondent and Petitioner are presently looking for the tape to confirm its present existence, and location and the obvious need for it by this Court on the issues raised by the Petitioner in this cause.

(Doc. No. 21, PageID 855.)  If Respondent's counsel has no objection to producing the recording or a transcript, this Court will impose no obstacle, provided Judge Wolaver agrees that the reasons for listening to the recording in camera no longer prevent its disclosure to Petitioner.

However, this Court is still not prepared to order the production of the recording or a transcript in this habeas corpus proceeding.  In the first Order denying discovery of the recording, the Court set forth the standards for discovery in habeas corpus (Order, Doc. No. 19, PageID 850-51).  It then concluded discovery was not warranted because Petitioner had not shown "what claim or element of a claim in the Petition this audio tape is relevant to or what it is expected to show." *Id.*  at PageID 851.  The discovery was denied on that basis.  The Court further denied an evidentiary hearing because the motion did "not show good cause under Habeas Rule 8 or how an evidentiary hearing is permitted under *Cullen v. Pinholster*, 563 U.S. ___, 131 S. Ct. 1388 (2011),  . . ." *Id.*

The Grounds for Relief pled in the Petition are as follows:

> **Ground One**
>
> Failure of the Trial Court to order a hearing based upon the Defendant's Motion to vacate his plea of no contest after the plea was made but before Judgment and sentence were pronounced,

2

showing that confidential source #1 (Brooks) had had large amounts of money taken from him by the Greene County Ace Task Force that were returned in toto to Mr. Brooks, that confidential source #1 (Brooks) made threats of physical violence against members of the Greene County Task Force, that the information provided by confidential source #1 (Brooks) was known by the Greene County Task Force to be false as admitted to by the director of the ACE and that confidential source #1 (Brooks) possessed no specific credible information as it pertained to this Petitioner, all in violation of Petitioner's rights under *Brady v. Maryland*, a fair hearing and due process of law as guaranteed by the 6th and 14th Amendments to the United States Constitution.

**Ground Two**

The ineffective assistance of Trial Counsel in failing to competently litigate Petitioner's Constitutional claims including his 4th Amendment rights at the Trial Court level causing his State post-conviction petition to be overruled on the basis of res judicata all in violation of Petitioner's right to effective assistance of counsel and due process of law under the 6th and 14th Amendments to the United States Constitution.

(Petition, Doc. No. 1, PageID 16.)

The Court understands that the recording is relevant to the subject matter of this case, but relevance to the subject matter is not sufficient even to obtain discovery under the Federal Rules of Civil Procedure.  Habeas Rule 6 is much tighter.  Petitioner was excluded from the in camera playing of this recording, but he has not pled as ground for relief that the exclusion was unconstitutional.  To obtain discovery, a habeas petitioner must show that the sought information is relevant to a claim and material to support the claim.  *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *cert. denied,* 537 U.S. 831 (2002).  This has not been done.  Nor has Petitioner made any reference to a showing under *Cullen v. Pinholster, supra,* that this Court is authorized to hold a hearing.

Petitioner's Motion for Discovery and/or an Evidentiary Hearing is DENIED.

August 25, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge