# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO WESTERN DIVISION AT DAYTON

SHELDON SMITH,

Petitioner, : Case No. 3:13-cv-330

- vs -

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional Institution,

:

Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus action brought by Petitioner Sheldon Smith with the assistance of attorney Daniel J. O'Brien. The case is before the Court on the Petition (Doc. No. 1), the state court record (attached to Doc. No. 5), Respondent's Answer/Return of Writ (Doc. No. 17), and Petitioner's Traverse/Reply (Doc. No. 31).

In the Petition, Smith raises two Grounds for Relief:

> **Ground One:** Failure of the Trial Court to order a hearing based upon the Defendant's Motion to vacate his plea of no contest after the plea was made but before Judgment and sentence were pronounced, showing that confidential source #1 (Brooks) had had large amounts of money taken from him by the Greene County Ace Task Force that were returned in toto to Mr. Brooks, that confidential source #1 (Brooks) made threats of physical violence against members of the Greene County Task Force, that the information provided by confidential source #1 (Brooks) was known by the Greene County Task Force to be false as admitted to by the director of the ACE and that confidential source #1 (Brooks) possessed no specific credible information as it pertained to this Petitioner, all in violation of Petitioner's rights under *Brady v. Maryland*, a fair hearing and due process of law as guaranteed by the 6th and 14th Amendments to the United States Constitution.

> **Ground Two:** The ineffective assistance of Trial Counsel in failing to competently litigate Petitioner's Constitutional claims including his 4th Amendment rights at the Trial Court level causing his State post-conviction petition to be overruled on the basis of res judicata all in violation of Petitioner's right to effective assistance of counsel and due process of law under the 6th and 14th Amendments to the United States Constitution.

(Petition, Doc. No. 1, PageID 16.)

**Procedural History**

The November 2008 term of the Greene County Grand Jury returned a thirteen count indictment against Smith, charging him with a variety of drug-related felonies. He pled not guilty and moved to suppress the evidence against him, alleging it had been seized pursuant to a search warrant not supported by probable cause (State Court Record, Doc. No. 5-1, Exhs. 2-3, PageID 90-104). Represented by additional counsel, he filed another motion to suppress several months later. *Id.* at Exh. 4, PageID 105-29. Judge Wolaver granted the motions to suppress in part and denied them in part. (Judgment Entry, State Court Record, Doc. No. 5-1, Exh. 7, PageID 156-69.)

On June 1, 2009, Smith changed his pleas to no contest and was found guilty. *Id.* at Exh. 9, PageID 172-74. On October 2, 2009, Smith moved to compel the State to abide by its initial plea offer which was assertedly to recommend a sentence of either four years or four to eight years. *Id.* at Exh. 11, PageID 183-90. On the same day, he moved to withdraw his plea on the basis of newly-discovered evidence. *Id.* at Exh. 12, PageID 191, et seq. On October 30, 2009, Judge Wolaver denied leave to reopen the motion to suppress hearing and the motion to compel

compliance with the asserted prior plea agreement. *Id.* at Exhs. 15-16, PageID 200-04. Smith was sentenced the same day to the twenty-year term of imprisonment he is now serving. (Judgment Entry at State Court Record, Doc. No. 5-1, Exh. 17, PageID 205-09.)

Represented by new counsel, Smith appealed to the Second District Court of Appeals. (Notice of Appeal, State Court Record, Doc. No. 5-1, Exh. 19, PageID 214-15.) That court affirmed the conviction and sentence. *State v. Smith*, 2010-Ohio-6229, 2010 Ohio App. LEXIS 5234 (2nd Dist. Dec. 17, 2010). The Ohio Supreme Court declined jurisdiction over an additional appeal. *State v. Smith*, 128 Ohio St. 3d 1460 (2011).

Smith filed an Application to Reopen his direct appeal under Ohio R. App. P. 26(B) on March 7, 2011, which the Second District denied. (Decision and Entry, State Court Record, Doc. No. 5-1, Exh. 32, PageID 464-69.) The Ohio Supreme Court again declined jurisdiction over a further appeal. *Id.* at Exh. 37, PageID 497.

On July 7, 2010, Smith filed a *pro se* petition for post-conviction relief. On November 22, 2010, Judge Wolaver granted summary judgment, finding all of the claims were barred by *res judicata.* (Judgment Entry, State Court Record, Doc. No. 5-1, Exh. 56, PageID 702-06.) The Second District affirmed January 13, 2012. (Opinion, State Court Record, Doc. No. 5-1, Exh. 61, PageID 740-53.) On September 26, 2012, the Ohio Supreme Court declined jurisdiction over a further appeal. *Id.* at Exh. 66, PageID 788. Smith, represented by new counsel, filed his Petition here on September 26, 2013 (Doc. No. 1).

**Procedural Default**

Respondent asserts that both of Smith's Grounds for Relief are procedurally defaulted by

his failure to appeal to the Ohio Supreme Court from denial of his Application to Reopen the Direct Appeal under Ohio R. App. P. 26(B).(Supplemental Return of Writ, Doc. No. 17, PageID 834-39.)

Petitioner's only response to this argument is to treat it as if it were a reiteration of the State's statute of limitations argument. Petitioner states: "Arguments 1 and 2 (pp. 16-22 of Respondent's Supplemental Return of Writ) are identical in attempting to raise, for a second time, a time limitation claim that has been previously ruled upon by this Court." (Traverse, Doc. No. 31, PageID 1169). That statement evinces a misunderstanding of Respondent's argument.

Respondent did indeed seek to have the Petition dismissed as barred by the one-year statute of limitations in 28 U.S.C. § 2244. (Motion to Dismiss as Time-Barred, Doc. No. 5.) The Magistrate Judge recommended denying that Motion (Report and Recommendations, Doc. No. 13.) Respondent did not object and the Report was adopted by Judge Rose. (Order, Doc. No. 14.) In the Supplemental Return of Writ, Respondent acknowledges that result and does not seek to be heard further on the statute of limitations question. (Supplemental Return, Doc. No. 17, PageID 833-34.)[1]

The question of procedural default is different from that of the statute of limitations and was not presented in the Motion to Dismiss or referenced in the prior Report and Recommendations.

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or

[1] Respondent does not concede the correctness of the Court's decision of that question.

> demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright*. *Murray*, 477 U.S. at 485; *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied*, 474 U.S. 831 (1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord, Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Respondent reads the two grounds for relief pled in the Petition as raising the same claims of ineffective assistance of appellate counsel as Smith raised in his 26(B) application. Petitioner does not dispute that reading in the Traverse, even though, on their face, the two grounds for relief in the Petition do not mention ineffective assistance of appellate counsel.

In the 26(B) Application, Smith asserted his appellate attorney was ineffective for failing to raise four assignments of error, only two of which are material here:

> **Assignment of Error #1:** The trial court abused its discretion when it denied appellant the opportunity to *withdraw his plea, (Pre-Sentence*), when it was [a]bsolutely clear that the No Contest Plea was not voluntarily made, due to trial counsel's failure to present previously disclosed [e]xculpatory documented evidence to the court and appellant prior to advising him to enter into an open No Contest Plea for a possible 78 yrs. Term of imprisonment.

(State Court Record, Doc. No. 5-1, Exh. 29, PageID 450.)

> **Assignment of Error #4:** Appellant's trial counselors [f]ailed to competently litigate appellant's Fourth Amendment Claim.

*Id.* at PageID 454.

Petitioner's Traverse (Doc. No. 31) never discusses any way in which counsel on direct appeal, attorney Jay Adams, provided ineffective assistance of appellate counsel. If Petitioner is indeed trying to raise claims that Mr. Adams had provided ineffective assistance of appellate counsel, Respondent's procedural default defense is well taken. The Second District Court of Appeals denied Smith's Application to Reopen on January 13, 2012. Smith never appealed from that decision and the time for doing so expired February 27, 2012, forty-five days after judgment was entered on the 26(B) application. That forty-five day limit for an appeal is an adequate and independent state ground for decision. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

As the Supplemental Return points out, Smith did file an application with the Second District for reconsideration of its denial of his application to reopen and appealed from denial of reconsideration. However, Ohio R. App. P. 26(A) expressly provides that an application for reconsideration in the court of appeals does not extend the time for appealing to the Supreme Court of Ohio. Smith's argument in his Traverse that his request for reconsideration was itself timely and decided on the merits (Doc. No. 31, PageID 1169) is completely beside the point because of Ohio R. App. P. 26(A).

Therefore Smith's two grounds for relief, read as claims of ineffective assistance of appellate counsel, should be dismissed as procedurally defaulted.

As noted above, however, Smith's Traverse makes no argument about ineffective assistance of appellate counsel at all. Indeed, the Traverse is not organized around the two grounds for relief as pled. Instead, the Traverse is divided into four separate arguments which

assert:

> **Argument 1.** Constitutional error by the trial court in denying Smith's petition for post-conviction relief on the basis of *res judicata* and error in the court of appeals for affirming (Traverse, Doc. No. 31, PageID 1171-72).
>
> **Argument 2.** Constitutional error by the trial court in not holding a hearing on Smith's motion to vacate his no contest plea. *Id.* at PageID 1172-74.
>
> **Argument 3.** Constitutional error in violation of the Fourth Amendment in issuing the relevant search warrant in the first place and therefore in not suppressing the evidence. *Id.* at PageID 1175-77.
>
> **Argument 4.** Ineffective assistance of trial counsel in the plea process. *Id.* at PageID 1177-79.

Only Argument 2 on failure to hold a hearing on the motion to vacate is pled in the Petition, as Ground One. The other three arguments are not pled in the Petition and Smith has not moved to amend to add them. Thus the State has had no opportunity to respond. Moreover, although the Petition was timely filed, any motion to amend to add these three arguments would fail under the statute of limitations because amendments to habeas petitions do not relate back to the original filing date. *Mayle v. Felix*, 545 U.S. 644, 650 (2005).

**Ground One: Denial of a Hearing on Motion to Vacate Plea**

In Ground One for Relief, Smith claims he was denied his constitutional rights to due process of law and equal protection of the laws when Judge Wolaver did not hold a hearing on his motion to withdraw his no contest plea before sentencing. In the Traverse, he argues:

> The law clearly states the Trial Court does not have any discretion whether it should hold a hearing on a presentence Motion to Withdraw a Plea! On this very point is where the Trial Court lost its way by not holding a hearing pursuant to Crim. R. 32.1 as required by law.

(Traverse, Doc. No. 31, PageID 1173.)

Counsel cites no law which says an Ohio trial court has no discretion not to hold a hearing on a presentence motion to withdraw a plea. Ohio R. Crim. P. 32.1 itself reads: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Thus the Rule says nothing about a mandatory hearing. Nor has Smith produced any United States Supreme Court precedent holding that such a hearing is mandated by due process, even though he asserts it is "clearly established Federal law re basic horn book due process . . ." *Id.* at PageID 1174. The Traverse does not even cite which hornbook this horn book law comes from.

Of course, Judge Wolaver did hold one or more hearings in connection with the motions filed October 2, 2009, including one in which he listened to the recording which supposedly contained new evidence supporting reopening the motion to suppress and also held a hearing on Smith's motion to enforce an asserted original plea agreement. (State Court Record, Doc. No. 5-1, Exh. 19, PageID 223-26.) Petitioner makes no argument about what additional arguments

would have been made or evidence presented at a third hearing relating to the October 3, 2009, motions.

Moreover, to the extent this First Ground for Relief is a claim of ineffective assistance of appellate counsel, the decision of the Second District Court of Appeals rejecting it on the merits is entitled to deference under 28 U.S.C. § 2254(d)(1). That court decided:

> In his application, Smith first contends his appellate counsel provided ineffective assistance by failing to challenge the trial court's denial of his pre-sentence motion to vacate his no-contest plea. Smith claims he should have been permitted to withdraw his plea because prior to sentencing, his trial counsel presented him with exculpatory new evidence. Smith argues that he would not have entered a no-contest plea if he had known about the evidence at the time of the plea hearing.
>
> In seeking to have Smith's no-contest plea vacated defense counsel argued below that certain new evidence called into question the validity and accuracy of a detective's search warrant affidavit. Based upon a belief that the new evidence rendered the search warrant invalid, defense counsel moved to have Smith's plea vacated. (Doc. #92, 95.) The purported new evidence was audio recordings of conversations with one Reginald "Tuffy" Brooks. Information attributed to Brooks had been included in the search-warrant affidavit for the search of the defendant's residence that ultimately led to the charges against him. Based upon the same new evidence, Smith also moved to renew a prior suppression motion. (Doc. #93.) In response to those motions, the court conducted a hearing and spent considerable time with counsel, and in camera, to review the audio recordings. The trial court ultimately determined that "affiant's statements in the search warrant are an accurate recitation of the conversations recorded." (Doc. #100 at 2.) Because the trial court found that the new evidence did not demonstrate any inaccuracies or falsehoods in the affidavit, the request to reopen the motion to suppress was denied. (Id.) The trial court subsequently held a sentencing hearing and imposed sentence on Smith without expressly ruling on the motion to vacate his no-contest plea. It is axiomatic, however, that the trial court implicitly overruled the motion by entering final judgment without addressing it.
>
> Given the trial court's determination that the new evidence at issue did not controvert the detective's affidavit, or render the resulting

> warrant invalid, it follows that appellate counsel did not provide ineffective assistance by failing to rely upon that same evidence to argue that Smith's plea should have been vacated. If the new evidence did not invalidate the warrant, which the trial court found, then the underlying basis for Smith's motion to vacate his plea no longer existed.

*State v. Smith*, Case No. 2009-CA-81 (2nd Dist. Jan. 13, 2012)(unreported; copy at State Court Record, Doc. No. 5-1, Exh. 32, PageID 465-66.)

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton*, 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000).

In sum, Smith has not shown how failure to hold a hearing on his motion to withdraw his no contest plead violated any constitutional right clearly established in United States Supreme Court precedent. His First Ground for Relief should therefore be dismissed with prejudice.

**Ground Two: Ineffective Assistance of Trial Counsel on Fourth Amendment Claims**

As noted above, to the extent this claim is an ineffective assistance of appellate counsel claim, it is procedurally defaulted by failure to timely appeal to the Ohio Supreme Court from the Second District's denial of the Rule 26(B) Application.

To the extent this is an ineffective assistance of trial counsel claim, it is procedurally defaulted by Smith's failure to raise it on direct appeal. Although Smith claims that failure is excused by the ineffective assistance of his appellate counsel in failing to raise it, that excuse is

not available because it has itself been procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446 (2000).

In his Traverse, however, Smith does not argue his Fourth Amendment claims as ineffective assistance of appellate counsel or ineffective assistance of trial counsel claims, but rather argues them *de novo*, essentially arguing this Court should decide the search warrants were improper and grant habeas relief on that basis. (Traverse, Doc. No. 31, PageID 1175-77.)

Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone v. Powell*, 428 U.S. 465 (1976). *Stone* requires the district court determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526.

In this case Smith had the benefit of motion to suppress practice before he entered his no contest plea. Then he was given additional process on what amounted to a request for reconsideration of that decision on the basis of new evidence. Finally, he had the opportunity to present his Fourth Amendment claims on direct appeal and then again to have their merits considered by the court of appeals on his 26(B) application as they underlay that claim.

Because Smith was given a full and fair opportunity to litigate his Fourth Amendment claims in state court, they are not cognizable here. Therefore Ground Two should be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 12, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the

proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).