# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SHELDON SMITH,

        Petitioner,      :      Case No. 3:13-cv-330

  - vs -                         District Judge Thomas M. Rose
                                    Magistrate Judge Michael R. Merz

WARDEN, Chillicothe Correctional
  Institution,

                                              :

        Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 48) to the Magistrate Judge's Supplemental Report and Recommendations (Doc. No. 47). Judge Rose has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (Recommittal Order, Doc. No. 49).

**Objection No. 1: Magistrate Judge Error in Finding Smith's Appeal to the Ohio Supreme Court was untimely.**

Smith first objects that the Magistrate Judge was in error in finding that Smith's appeal of denial of his Application for Reopening under Ohio R. App. P.26(B) was untimely (Objections, Doc. No. 48, PageID 1280). That finding occurs in the Supplemental Report:

> However, the difference in the Rules does not help Smith's case because the new rule only extends the time to appeal to the Supreme Court if a timely motion for reconsideration is filed. The Second District's denial of Smith's 26(B) Application occurred on January 13, 2012 (Doc. No. 5, PageID 464). Under Ohio R. App.

1

>P. 26(A)(1), an application for reconsideration, in order to be timely, had to be filed not later than ten days after that, or by January 23, 2012. What Smith filed on January 23, 2012, was not a motion for reconsideration, but a motion for extension of time to file for reconsideration which was denied. To the extent either one of Smith's original Grounds for Relief is read to raise a claim of ineffective assistance of appellate counsel, that claim is procedurally defaulted because Smith did not in fact timely appeal the 26(B) denial to the Ohio Supreme Court.

(Doc. No. 47, PageID 1269.)

Smith objects that "[t]he Key Decision and Entry of April 23, 2013 by the Greene County Court of Appeals pertaining to Petitioner's *pro se* 26(B) appeal (Exhibit F, Index #34) is dispositive of the report and recommendations erroneous assertion of a lack of timeliness." (Objections, Doc. No. 48, PageID 1280-81.) Exhibit F is a document attached to the Objections at PageID 1327, evidently prepared by Smith himself. It was previously filed as PageID 805 at Doc. No. 12-1, an attachment to a pleading filed by Mr. O'Brien on Smith's behalf. It asserts at #33 "23 January 2012 Filed Reconsideration Motion RE: 26B." The "Index #" Smith apparently refers to is the exhibit number for parts of the state court record filed by Respondent. Doc. No. 5-1, Exhibit 34, is a photocopy of the Decision and Entry of the Second District Court of Appeals, both shown to have been rendered on April 23, 2012 and time-stamped the same date, which relates that Smith, on January 23, 2012, filed a motion "request[ing] an extension of time to seek reconsideration of our January 13, 2012, Decision and Entry denying his App. R. 26(B) application to reopen his direct appeal." *Id.* at PageID 473.

As the Supplemental Report makes clear, a motion for reconsideration in an Ohio court of appeals extends a litigant's time to appeal to the Ohio Supreme Court, but a motion for extension of time to file for reconsideration does no such thing. The Second District expressly denied the extension of time to move for reconsideration. *Id.* at PageID 473-74. The document

2

in question, filed as Exhibit 33 (PageID 470) confirms the accuracy of the Second District's finding. It is captioned "Motion for Leave for Enlargement of Time for Reconsideration" and is time-stamped January 23, 2012.

Smith argues that the finding of lack of timeliness is inconsistent with the Magistrate Judge's prior finding that the Court of Appeals treated the motion for extension of time as seeking reconsideration and denied it on the merits (See Report and Recommendations, Doc. No. 13, PageID 810). That is an accurate reference to the prior Report, but that Report also found:

> Petitioner relies on additional filings to toll the time.
>
> First he calls the Court's attention to his "Motion of Leave for Enlargement of Time for Reconsideration" which was filed January 23, 2012 (Return of Writ, Doc. No. 5-1, PageID 470). Petitioner's counsel asserts that Motion was decided April 23, 2013, but the Second District's Decision and Entry carries a "rendered date" of April 23, 2012, as well as a Clerk's file-stamp date of April 23, 2012 (Return of Writ, Doc. No. 5-1, PageID 473). Petitioner is correct that January 23, 2012, is ten days after January 13, 2012, but what Smith filed on January 13, 2012, was not a motion for reconsideration, but a motion to extend the time for moving for reconsideration. Smith did not say how much additional time he wanted and the court of appeals decided not to grant him any additional time because he had not shown extraordinary circumstances under their precedent. In addition, however, they noted that he had made his substantive arguments for reconsideration in the body of his Motion and they decided those claims on the merits, essentially treating the Motion for Enlargement as a timely motion for reconsideration.

*Id.* at PageID 807-08. In this earlier Report, of course, the Magistrate Judge recommended that the Warden's statute of limitations defense was not well taken. The Warden never objected to that conclusion and Judge Rose adopted it (Doc. No. 14).

Smith is correct that his claim that his appellate attorney, Jay Adams, provided ineffective assistance of appellate counsel is **not** barred by procedural default in failing to timely present it to the Ohio Supreme Court. Thus his Objection No. 1 is well-taken. The Magistrate

Judge, however, reiterates the alternative holding on the merits, to wit, that the Second District's decision that there was no ineffective assistance of appellate counsel is not an objectively unreasonable application of *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

**Objection No. 2:  Magistrate Judge Error in Concluding Claim of Ineffective Assistance of Trial Counsel in Litigating Fourth Amendment Claim Was Not Raised on Direct Appeal.**

The Objections assert the Magistrate Judge erred in finding that Smith's ineffective assistance of trial counsel claim relating to his Fourth Amendment issues was procedurally defaulted because not raised on direct appeal (Objections, Doc. No. 48, PageID 1283).  In the Supplemental Report and Recommendations, the Magistrate Judge wrote:  "Moreover, to the extent this is an ineffective assistance of trial counsel claim, the Report concluded it was procedurally defaulted because never raised on direct appeal (Report, Doc. No. 33, PageID 1192-93.) The Objections make no response."  (Doc. No. 47, PageID 1268).

To support his Objections, Smith refers to is Application for Reopening under Ohio R. App. P. 26(B)(Copy attached to Objections at PageID 1300-1308) and his appeal from the denial of that Application (Copy attached to Objections at PageID 1309-19).  These documents do not support the Objection.  In *Morgan v. Eads,* 104 Ohio St. 3d 142 (2004), the Ohio Supreme Court held that 26(B) proceedings are collateral in nature rather than part of the direct appeal.  And the Sixth Circuit has repeatedly held that raising a claim in a 26(B) application does not excuse a default in presenting it earlier on direct appeal.  An Ohio App. Rule 26(B) application preserves for habeas review only the ineffective assistance of appellate counsel arguments, not the underlying substantive arguments.  *Wogenstahl v. Mitchell*,668 F.3d 307, 338 (6th Cir. 2012),


*citing Lott v. Coyle*, 261 F.3d 594, 612 (6th Cir. 2001).

> The *Lott* court explained that permitting an Ohio prisoner to raise a substantive claim in a Rule 26(B) motion "would eviscerate the continued vitality of the procedural default rule; every procedural default could be avoided, and federal court merits review guaranteed, by claims that every act giving rise to every procedural default was the result of constitutionally ineffective counsel."

*Id.* Objection No. 2 is not well taken.

**Objection No. 3.  Magistrate Judge Error Relating to *Franks v. Delaware* Hearing**

In his third Objection, Smith claims the Magistrate Judge erred in finding that *Franks v. Delaware* 438 U.S. 154 (1978), was not cited in Smith's brief on direct appeal (Supplemental Report, Doc. No. 47, PageID 1272).  Once again to prove his Objection, Smith points to his Application for Reopening (Objections, Doc. No. 48, PageID 1288).  This Objection fails for the same reason as Objection No. 2.

**Objection No. 4:  Magistrate Judge Error Regarding Ground Two**

In his fourth Objection, Smith notes that the Second District Court of Appeals found the trial court was in error in denying Smith's petition for post-conviction relief on *res judicata* grounds and asserts this is a basis for habeas corpus relief (Objections, Doc. No.48, PageID 1290-92).  The portion of the Supplemental Report objected to reads:

> The Report noted that the claim that the trial court committed a due process error by denying post-conviction relief by finding it was barred by res judicata was not pled as a ground of habeas relief (Report, Doc. No. 33, PageID 1189). Smith responds that it was raised as a ground for relief and points, again, to PageID 17 where

5

> his counsel reported to this Court that that claim had been raised on appeal from denial of the post-conviction petition. But reporting what was done in another court is not the same as asking for relief on the same claim in this Court.

(Doc. No. 47, PageID 1266.)

In his Objections Smith seems to be saying that the Court should ignore the formality of requiring that habeas claims be pled in the Petition and reach the merits of this claim.  But the whole point of requiring a habeas petitioner (or anyone who brings suit) to state what their claims are is to give the other side notice of what they are defending against.  In this particular case, Smith cannot claim the benefit of liberal construction of pleadings accorded to *pro se* litigants because when he filed his Petition, he was represented by one of the most experienced criminal attorneys practicing at the bar of this Court.

An additional reason for not treating this claim as properly brought is that the Petition was filed on the very last day of the limitations period, so that if Smith had tried to amend to add this claim, it would have been barred by the statute of limitations.

Even if all the pleading formalities are put to one side, this claim is without merit.  There is no constitutional right to post-conviction proceedings at all.   There is not even a federal constitutional right to appeal criminal verdicts for error review.  *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005).  "Due process does not require a State to provide appellate process at all." *Goeke v. Branch*, 514 U.S. 115, 120 (1995).

Finally, regardless of its *res judicata* holding, the Second District Court of Appeals went on to consider the merits of the post-conviction petition and held Judge Wolaver "did not abuse [his] discretion in overruling the motion for post-conviction relief."  (Opinion, Doc. No. 5-1, PageID 751).

6

**Objection No. 5: Failure to Find that Trial Court Committed Constitutional Error in Not Ordering a Hearing on the Motion to Withdraw Plea**

No further analysis is warranted on this Objection beyond what is stated in prior Reports.

**Objection No. 6: Magistrate Judge Error in Finding that Claim of Trial Court Error in Accepting No Contest Plea Was Not Pled in the Petition.**

No further analysis is warranted on this Objection beyond what is stated in prior Reports.

**Conclusion**

Having reviewed the case again in light of the Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 9, 2015.

<div style="text-align:right">

s/ *Michael R. Merz*
United States Magistrate Judge

</div>

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).