UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

SHELDON SMITH

          Petitioner,

-v-

WARDEN, Chillicothe Correctional
Institution,

          Respondent.

Case No. C-3:13-cv-330

Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

---

**ENTRY AND ORDER OVERRULING SMITH'S OBJECTIONS (Doc. #54) TO THE MAGISTRATE JUDGE'S DECISION AND ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND EVIDENTIARY HEARING (Doc. #52) AND DENYING SMITH'S OBJECTION (Doc. # 56) TO THE MAGISTRATE JUDGE'S NOTATION ORDER DENYING SMITH'S APPLICATION FOR DEFAULT**

---

This matter is a Petition for a Writ of Habeas Corpus brought by Plaintiff Sheldon Smith ("Smith"). Among other pleadings, on January 10, 2015, Smith filed a Motion for Default Judgment against the Warden. (Doc. #51.) Magistrate Judge Michael Merz denied this Motion. (Doc. #52.) Smith then objected to this Order. (Doc. #54.)

Then, on January 17, 2015, Smith applied to the Clerk for an entry of default against the Warden. (Doc. #53.) On January 21, 2015, Magistrate Judge Merz denied this application for entry of default by Notation Order. Smith then objected to the Notation Order. (Doc. #56.)

The Magistrate Judge's decisions regarding the Warden's default are non-dispositive orders. Federal Rule of Civil Procedure 72(a) provides that a district court must modify or set aside any part of a non-dispositive order that is clearly erroneous or is contrary to law. *American Coal Sales Co. v. Nova Scotia Power, Inc.*, No. 2:06-cv-94, 2009 WL 467576 at *13 (S.D. Ohio

Feb. 23, 2009)(citing Fed. R. Civ. P. 72(a)). Thus, a "clearly erroneous" standard applies to factual findings made by the magistrate judge. *Id.* Legal conclusions are reviewed under the more lenient "contrary to law" standard. *Id.* Both of these standards provide considerable deference to the determinations made by the magistrate judge. *Id.* (citing *In re Search Warrants Issued August 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995)).

A magistrate judge's factual findings are considered clearly erroneous if, on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed. *Id.* The test is whether there is evidence in the record to support the magistrate judge's finding and whether the magistrate judge's construction of that evidence is reasonable. *Id.* (citing *Heights Community Congress v. Hilltop Realty Corp.*, 774 F.2d 135, 140 (6th Cir. 1985), *cert. denied*, 475 U.S. 1019 (1986)). A legal conclusion is contrary to law if the court determines that the magistrate judge's legal conclusions "contradict or ignore applicable precepts of law…." *Id.*(citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

In this case, Smith argues that the Warden is in default for failing to respond to Smith's Motion To Amend his Petition for a Writ of Habeas Corpus. However, by not responding to Smith's Motion To Amend, the Warden merely forfeited his right to argue further about the Motion To Amend and did not forfeit the entire case. Therefore, neither of Smith's Objections to the Magistrate's decisions regarding the default of the Warden have merit.

The District Judge has reviewed the Magistrate Judge's factual findings and finds that they are not clearly erroneous. The District Judge has also reviewed the Magistrate Judge's conclusions of law and finds that they do not contradict or ignore applicable law. Therefore, Smith's Objection to the Magistrate Judge's Decision and Order Denying Motion for Default

Judgment (doc. #54) and Smith's Objection to the Magistrate Judge's Notation Order denying Smith's Application for Default (doc. #56) are OVERRULED.

**DONE** and **ORDERED** in Dayton, Ohio, this Tenth Day of February, 2015.

                                              **s/Thomas M. Rose**

                                              THOMAS M. ROSE
                                      UNITED STATED DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Sheldon Smith at his last address of record